JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-475-JST (JPRx)                                Date: March 27, 2012
Title: US Bank National Association v. Jesus Medina, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Ellen Matheson                                              N/A
    Deputy Clerk                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

        Not present                              Not present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2010 00334010**

      Plaintiff US Bank National Association, as Trustee ("US Bank") filed this unlawful detainer action against Defendants Jesus Medina and Micaela Fabiola Medina in Orange County Superior Court on January 6, 2010, Case No. 30-2010 00334010. On March 26, 2012, Medina removed this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331, diversity jurisdiction, 28 U.S.C § 1332, and civil rights jurisdiction, 28 U.S.C. § 1443. (Doc. 1.) Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so sua sponte. *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)). For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

      When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," thus "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

      Here, Medina asserts that removal is proper on the basis of both federal question jurisdiction and diversity jurisdiction. He is mistaken.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 12-475-JST (JPRx) | Date:  March 27, 2012 |
| Title:  US Bank National Association v. Jesus Medina, et al. | |

First, Medina contends that US Bank's unlawful detainer action presents a federal question because US Bank's unlawful foreclosure of his property is a violation of federal securities laws and 42 U.S.C. § 1983.  However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").  There is no federal question apparent on the face of US Bank's complaint, which alleges only a state law unlawful detainer claim.  *See IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Second, Medina contends removal is proper on the basis of diversity jurisdiction because complete diversity exists between the parties, and the amount in controversy exceeds $75,000.  Medina has not met his burden, however, of demonstrating that the amount in controversy exceeds $75,000.  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'"  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)).  Here, US Bank's complaint seeks damages in the amount of $60 per day from December 4, 2009, through the date of entry of judgment in its unlawful detainer action, up to $10,000.  Based upon these facts, it is clear that the $75,000 jurisdictional requirement is not met.

Third, Medina fails to show that removal under section 1443 is appropriate because he has not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state courts to ignore [Plaintiff's] federal rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  Although he states in his Notice of Removal that "[j]udges do not uphold the California Rules of Civil Procedure section 367," he does not assert that that statute commands the state courts to ignore Plaintiff's federal rights.  Medina also asserts that the "California Civil Code procedures authorizing non-

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 12-475-JST (JPRx) | Date:  March 27, 2012 |
| Title:  US Bank National Association v. Jesus Medina, et al. | |

judicial foreclosures and judicial evictions violate 42 U.S.C. §§ 1981-83," but again, he does not assert that a statute commands the state courts to ignore his federal rights.

     For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case No. 30-2010 00334010.

Initials of Preparer:  <u>enm</u>

_____